```
h7c2deaC kjc
```

 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  UNITED STATES OF AMERICA,                New York, N.Y.

 4              v.                           17 Cr. 398(ER)

 5  PAUL DEAN, ROBERT ESPINEL, AND
    GAETANO VELASTRO,
 6
                Defendants.
 7
    ------------------------------x
 8                                           July 12, 2017
                                             3:05 p.m.
 9
    Before:
10
                       HON. EDGARDO RAMOS,
11
                                             District Judge
12
                            APPEARANCES
13
14  JOON H. KIM
         Acting United States Attorney for
15       the Southern District of New York
    BY:  KAN M. NAWADAY
16       LAUREN B. SCHORR
         RUSSELL CAPONE
17       Assistant United States Attorneys

18
    LAW OFFICES OF ABE GEORGE, P.C.
19       Attorney for Defendant Dean
    BY:  ABRAHAM GEORGE
20

21  THE PASCARELLA LAW FIRM
         Attorney for Defendant Espinel
22  BY:  JAMES A. PASCARELLA

23
    THE LAW OFFICE OF JOSEPH DiBENEDETTO, P.C.
24       Attorney for Defendant Velastro
    BY:  JOSEPH DiBENEDETTO
25

h7c2deaC                        kjc

1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your name for
3     the record.
4              MR. CAPONE:  Russell Capone for the government, and
5     with me at counsel table are AUSAs Lauren Schorr and Kan
6     Nawaday.  Good afternoon your Honor.
7              THE COURT:  Good afternoon.
8              For Mr. Espinel?
9              MR. PASCARELLA:  Pascarella Law Firm, by James A.
10    Pascarella, 1551 Franklin Avenue, Mineola, New York 11501.
11    Good afternoon, your Honor.
12             MR. GEORGE:  For Mr. Dean, Abe George, 44 Wall Street,
13    New York, New York 10005.  Good afternoon, your Honor.
14             THE COURT:  Good afternoon.
15             MR. DiBENEDETTO:  Hi, Judge.  Joseph DiBenedetto for
16    Mr. Velastro.
17             THE COURT:  And I take it that these are the
18    defendants sitting here in the jury box?
19             MR. DiBENEDETTO:  Yes, Judge.
20             THE COURT:  Can someone introduce to me who they are?
21             MR. DiBENEDETTO:  Judge, my client, Mr. Velastro, is
22    the first person seated.
23             THE COURT:  Okay.
24             MR. PASCARELLA:  My client, Mr. Espinel, is in the
25    middle.

1     MR. GEORGE:  And obviously, last but not least,
2  Mr. Dean.
3     THE COURT:  Everyone can be seated.
4     Mr. Capone, have the defendants been arraigned on the
5  indictment?
6     MR. CAPONE:  They have not, your Honor.  They were
7  indicted on June 22.  Time has been excluded from June 27
8  through today.  But, due to various vacation schedules, this is
9  our first appearance in court on the case, and they have not
10 been arraigned.
11    THE COURT:  Very well.  Let me address, in the first
12 instance, Mr. Dean.
13    Mr. Dean, have you received a copy of the indictment,
14 or Mr. George on his behalf, and do you wish a public reading
15 of the indictment?
16    DEFENDANT DEAN:  No.
17    THE COURT:  How do you plead?  Guilty or not guilty.
18    DEFENDANT DEAN:  Not guilty.
19    THE COURT:  Mr. Espinel, have you received a copy of
20 the indictment?
21    DEFENDANT ESPINEL:  Yes, sir.
22    THE COURT:  Do you want a public reading of the
23 indictment?
24    DEFENDANT ESPINEL:  No, sir.
25    THE COURT:  How do you plead?  Guilty or not guilty.

1            DEFENDANT ESPINEL:  Not guilty.

2            THE COURT:  Mr. Velastro, have you received a copy of
3    the indictment?

4            DEFENDANT VELASTRO:  Yes.

5            THE COURT:  Do you wish a public reading?

6            DEFENDANT VELASTRO:  No, sir.

7            THE COURT:  How do you plead?  Guilty or not guilty.

8            DEFENDANT VELASTRO:  Not guilty.

9            THE COURT:  I take it that the defendants are out on
10   bail conditions of some type?

11           MR. CAPONE:  Yes, your Honor.  They were initially
12   arrested pursuant to a complaint, and bail conditions were
13   set.

14           THE COURT:  Okay.

15           So, Mr. Capone, why don't you tell me a little bit
16   about the case and the discovery that's involved.

17           MR. CAPONE:  Yes, your Honor.

18           This case involves bribery conspiracies at the
19   licensing division of the New York City Police Department.  Two
20   of the defendants, Mr. Dean and Mr. Espinel, were previously
21   employed there and subsequent to that retired.  The case
22   involves conspiracy to bribe them, while they were still at the
23   licensing division, to issue gun licenses and to expedite gun
24   licenses, including by Mr. Velastro, who is employed in the
25   private sector and owned a gun store, as well as a conspiracy

1   amongst the three of them to go into the expediting business
2   when Mr. Dean and Mr. Espinel retired, and then bribe their
3   former colleagues inside the licensing division.  That's the
4   crux of the case.
5            Discovery is fairly voluminous.  It involves a number
6   of files from the NYPD's licensing division, phone records,
7   cell site records, e-mails, bank records, consensual
8   recordings, including of some of the defendants and some search
9   warrant returns from coconspirators.
10           The government will produce probably about half of
11  that discovery in the next day or two, and I ask for about
12  three weeks to complete discovery.
13           THE COURT:  Okay.  Any objection to that scheduling
14  from the defense table?
15           ALL COUNSEL:  No, your Honor.
16           THE COURT:  Mr. Capone, why don't you begin the
17  process of educating me, if you will.
18           Is there a legitimate expediting industry in New York
19  City or New York State?
20           MR. CAPONE:  There is an expediting industry.  There
21  are individuals who make a living holding themselves out as
22  being able to help others apply for gun licenses and go through
23  the process at the NYPD.  That said, it is not an
24  NYPD-sanctioned industry.  The NYPD does not represent that you
25  are able to get something faster by using an expediter, and

1   there is no license or anything that you need to become an
2   expediter.  So there are expediters, there is nothing
3   implicitly wrong with being an expediter, but it is not an
4   official thing represented by NYPD -- official thing that the
5   NYPD licenses or approves of.
6             THE COURT:  I take it this is just New York City
7   based?
8             MR. CAPONE:  Five boroughs of New York City, yes, your
9   Honor.
10            THE COURT:  How long does it take to get a license in
11  the ordinary course, if you know?
12            MR. CAPONE:  Our understanding, based on the
13  investigation, is that typically it would take upwards -- it
14  would take a period of months, up to six months or so to get a
15  typical license.  To get a concealed carry license to be able
16  to carry it anywhere in New York City on your person could take
17  up to a year or longer.  The allegations in this case are that
18  those licenses were expedited and approved often in a matter of
19  weeks.
20            THE COURT:  These are the ones that involve these
21  defendants?
22            MR. CAPONE:  Yes, your Honor.
23            THE COURT:  What about, if you know, what do
24  legitimate expediters offer by way of time savings?
25            MR. CAPONE:  What do legitimate expediters offer by

1    way of time savings.  It is the government's belief that these
2    are, and I'm sure defendants might dispute that, that there is
3    not that much time that's saved by going through an expediter.
4    The forms are fairly simple, and so I don't believe that that
5    much time is saved in the ordinary course.  Obviously, again,
6    in this case, a significant amount of time was saved by people
7    who used the expediters at issue, and it is the government's
8    allegation that that was because, in part, people at the
9    licensing division were being paid either in cash or in gifts.
10             THE COURT:  Is there any part of this case that
11   involves an allocation that individuals that would not have
12   gotten a license were getting licenses?
13             MR. CAPONE:  Yes, your Honor.  That is -- the
14   government expects that if this case went to trial, that would
15   be among -- we would prove that individuals who otherwise would
16   have been rejected were given licenses.
17             THE COURT:  Okay.
18             So how do you wish to proceed?  All the discovery will
19   be turned over in the next two weeks approximately or three
20   weeks.
21             MR. CAPONE:  Three weeks, if your Honor is all right
22   with that, which puts us at about August 1 or so.  I think it
23   would take at least a month for the defendants to begin
24   assessing it, so it might make sense to come back in September.
25             THE COURT:  Okay.

h7c2deaC                    kjc

1            MR. DiBENEDETTO:  Your Honor, if I may, Joseph
2    DiBenedetto for Mr. Velastro.  I do have some vacation
3    scheduled in the month of August.  I understand that your Honor
4    would like to keep things on a tight schedule.  Would your
5    Honor consider a late September date?
6            THE COURT:  Certainly.  Whenever you folks want to
7    come back.
8            (Defense counsel confer)
9            MR. GEORGE:  Judge, would your Honor mind pushing it
10   to the next week, that first week of October?
11           THE COURT:  I believe we are not on trial then, so --
12           MR. GEORGE:  How about October 3, your Honor?
13           THE DEPUTY CLERK:  Yes, October 3, at 11 a.m.
14           MR. GEORGE:  Thank you.
15           THE COURT:  Okay.  Is there anything else that anyone
16   from the defense table wishes to bring up?
17           MR. PASCARELLA:  No, your Honor.
18           MR. DiBENEDETTO:  Nothing, Judge.
19           MR. GEORGE:  No, your Honor.
20           THE COURT:  Mr. Capone, is there anything else that we
21   need to do today?
22           MR. CAPONE:  Your Honor, only to exclude time, and the
23   government does make that application to exclude time between
24   now and October 3 so that the defendants can begin reviewing
25   discovery, contemplating motions, and that the parties can

h7c2deaC kjc

1  discuss any potential dispositions of this case.
2              THE COURT:  Any objection?
3              MR. PASCARELLA:  No, your Honor.
4              MR. DiBENEDETTO:  No, Judge.
5              MR. GEORGE:  No, your Honor.
6              THE COURT:  In that event, I will exclude the time
7  between now and October 3 under Speedy Trial Act for the
8  reasons set forth on the record by Mr. Capone; and unless there
9  is anything else, we are adjourned.
10             MR. CAPONE:  Thank you, Judge.
11                              - - -
12
13
14
15
16
17
18
19
20
21
22
23
24
25