Hbe1deac

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                          17 Cr. 398 (ER)

PAUL DEAN, ROBERT ESPINEL,
GAETANO VELASTRO,

               Defendants.            Conference

------------------------------x
                                      New York, N.Y.
                                      November 14, 2017
                                      12:45 p.m.

Before:

                    HON. EDGARDO RAMOS,

                                      District Judge


                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
BY:  KIMBERLY J. RAVENER
     Assistant United States Attorney

LAW OFFICES OF ABE GEORGE, P.C.
     Attorneys for Defendant Paul Dean
BY:  ABRAHAM GEORGE, ESQ.

THE PASCARELLA LAW FIRM
     Attorneys for Defendant Robert Espinel
BY:  JAMES A. PASCARELLA, ESQ.

THE LAW OFFICE OF JOSEPH DiBENEDETTO, P.C.
     Attorneys for Defendant Gaetano Velastro
BY:  JOSEPH DiBENEDETTO, ESQ.
```

1             (Case called)
2             MS. RAVENER:  Good afternoon, your Honor.  Kimberly
3    Ravener for the government.
4             THE COURT:  Good afternoon.
5             MR. PASCARELLA:  For Mr. Espinel, James Pascarella.
6    Good afternoon, your Honor.
7             THE COURT:  Good afternoon.
8             MR. GEORGE:  For Mr. Dean, Abe George.  Good
9    afternoon, your Honor.
10            THE COURT:  Good afternoon.
11            MR. DiBENEDETTO:  Hi, Judge.  Joseph DiBenedetto for
12   Mr. Velastro.
13            THE COURT:  And good afternoon to you all.
14            This matter is on for a status conference.
15   Ms. Ravener, tell me where we are.
16            MS. RAVENER:  Yes, your Honor.  Discovery has been
17   largely completed in this case.  We have one outstanding
18   production that's been given to most of the defendants, but
19   require the hard drive from Mr. Espinel's counsel.  We plan to
20   get that out to him this week.  Once that's completed, then the
21   government's discovery obligations will be finished.  From our
22   perspective, we've given over everything that we have at this
23   time.
24            I believe the next order of business would then be to
25   set a motion schedule.  From speaking with defense counsel,

it's my understanding that they may feel some additional time is required to complete their review of the discovery, and also for the government and the parties to complete our discussions regarding the potential for a pretrial disposition here.

THE COURT: Okay. Who wants to speak up on behalf of the back table? How much more additional time do you need?

MR. PASCARELLA: Judge, I would ask for the shortly after the new year, if acceptable. It will allow me to -- because the discovery is still outstanding for me, with respect to Mr. Espinel, that will give me an opportunity to review that, finish reviewing what we've received so far, and engage in these discussions.

THE COURT: Okay. Mr. George?

MR. GEORGE: I join that application, your Honor. I've reviewed these documents provided and I have been provided with the last set of discovery, but I also would like additional time to complete the review.

THE COURT: And Mr. DiBenedetto?

MR. DiBENEDETTO: Same here, Judge. We would join in counsel's request.

THE COURT: Okay. And at that time, when we get back together in the early part of the year, you anticipate that you will be in a position to let me know whether you're going forward with motions or whether there will be dispositions?

MR. PASCARELLA: Yes, your Honor.

Hbe1deac

1           MR. GEORGE:  Yes.
2           MR. DiBENEDETTO:  Yes, Judge.
3           THE COURT:  Okay.  Let's see.
4           We can get together on Friday, January 5, at 10:30.
5           MS. RAVENER:  That's fine for the government, your
6  Honor.
7           MR. PASCARELLA:  Judge, can we have Friday, the
8  12th, at the same time?
9           THE COURT:  I am on trial then and will not be able to
10  see you at 10:30.  I can see you Friday, the 12th, at 12:30.
11          MR. PASCARELLA:  That's fine, Judge.
12          THE COURT:  Okay.  Friday, the 12th --
13          MR. PASCARELLA:  Thank you.
14          THE COURT:  -- at 12:30.  And if there's a change in
15  that trial, right now it's scheduled to go on that day, but if
16  there's a change on that trial, we may change the time of that
17  day, okay?  So be on the lookout.
18          Ms. Ravener, is there anything else that we need to do
19  today?
20          MS. RAVENER:  Your Honor, the government would just
21  ask that time be excluded under the Speedy Trial Act until
22  January 12.
23          THE COURT:  Any objection?
24          MR. PASCARELLA:  No objection, your Honor.
25          MR. DiBENEDETTO:  No objection.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Hbe1deac

1       MR. GEORGE:  No objection.

2       THE COURT:  Very well.  I will exclude the time
3  between now and January 12th to give the parties the
4  opportunity to review discovery, determine what, if any,
5  motions are appropriate, and to discuss a possible pretrial
6  disposition with the government, so that time will be excluded.

7       Is there anything else that we need to do today?

8       MS. RAVENER:  Not from the government, your Honor.

9       MR. PASCARELLA:  No, your Honor.

10      MR. GEORGE:  Your Honor, I would just like to revisit
11 the travel restrictions in this particular case, and I
12 apologize to AUSA Ravener on this.  We were trying to discuss
13 it with her prior to court.  But I would ask that the Court
14 lift the travel restrictions on my client's ability to travel
15 just in the tristate area.  As the Court is aware, this case
16 came to your Honor on appeal of the magistrate's decision to
17 ROR my client.  My client's been a decorated NYPD veteran for
18 over 20 plus years, he's got family members, young children,
19 and he's got every incentive to stay in the jurisdiction and
20 fight out the case.  I've also reviewed a great deal of
21 discovery in this matter, and without getting into litigating
22 the facts of what I've garnered, there has not been proof of
23 direct payments made to my client in exchange for any licenses
24 that he's allegedly filed for.  So I just ask the Court,
25 especially with the holiday season approaching, that the Court

Hbe1deac

1   lift the travel restrictions and allow my client to travel
2   around the tristate area.
3             THE COURT:  What's the current restriction?
4             MR. GEORGE:  We have to ask for permission wherever my
5   client intends to go.
6             THE COURT:  Well, but where is his travel currently
7   limited to?
8             MR. GEORGE:  Just Eastern and Southern District.
9             THE COURT:  And so you want to increase that to what,
10  New Jersey?
11            MR. GEORGE:  Correct.  New Jersey and --
12            (Mr. George conferring with Defendant Dean)
13            MR. GEORGE:  New Jersey and the Northern District,
14  Judge.
15            THE COURT:  The Northern District of New York?
16            MR. GEORGE:  Correct.
17            THE COURT:  Ms. Ravener?
18            MS. RAVENER:  I don't think the government has an
19  objection to allowing those modest changes, your Honor.
20            THE COURT:  Very well.  So it will be expanded to
21  include New Jersey and the Northern District of New York.
22            MR. PASCARELLA:  Your Honor, I would have a similar
23  application and ask that it be expanded to Pennsylvania and New
24  Jersey in that during the holiday time, my client is going to
25  be doing some travel, or hopes to do some traveling in those

Hbe1deac

1  areas.
2             THE COURT:  And this is for Mr. --
3             MR. PASCARELLA:  Espinel.
4             THE COURT:  -- Espinel.  Ms. Ravener?
5             MS. RAVENER:  Again, your Honor, I think at this time
6  we have no objection.
7             THE COURT:  Okay.  So as with respect to Mr. Espinel,
8  you want also the Northern District of New York or just New
9  Jersey and Pennsylvania?
10            MR. PASCARELLA:  Yes, and the Northern District of New
11 York, please, your Honor.
12            THE COURT:  Very well.  So that will be amended to
13 reflect that expansion.
14            MR. GEORGE:  And Judge, I apologize.  My client will
15 need Pennsylvania as well.
16            THE COURT:  Okay.
17            MR. GEORGE:  Thank you.
18            THE COURT:  Unless there's anything else, we are
19 adjourned.
20            ALL COUNSEL:  Thank you, your Honor.
21            THE DEPUTY CLERK:  All rise.
22                              o0o
23
24
25