I8f1deap

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              17 Cr. 398 (ER)

PAUL DEAN,

             Defendant.                  Plea

------------------------------x

                             New York, N.Y.
                             August 15, 2018
                             11:04 a.m.

Before:

                    HON. EDGARDO RAMOS,

                             District Judge

                      APPEARANCES

GEOFFREY S. BERMAN
      United States Attorney for the
      Southern District of New York
BY:  KIMBERLY J. RAVENER
      Assistant United States Attorney

LAW OFFICES OF ABE GEORGE, P.C.
      Attorneys for Defendant
BY:  ABRAHAM GEORGE, ESQ.

I8f1deap

1              (Case called)

2              THE DEPUTY CLERK:  Please state your name for the

3    record.

4              MS. RAVENER:  Good morning, your Honor.  Kimberly

5    Ravener for the government.

6              THE COURT:  Good morning.

7              MR. GEORGE:  Good morning, your Honor.  Abe George for

8    Paul Dean.

9              THE COURT:  Good morning to you both.

10             Ms. Ravener, what are we doing today?

11             MS. RAVENER:  Your Honor, I've been informed that the

12   defendant is prepared to enter a change of plea this morning.

13             THE COURT:  Mr. George?

14             MR. GEORGE:  That is correct, your Honor.

15             THE COURT:  Okay.  Mr. Dean, I've been informed by

16   your attorney that you wish to enter a plea of guilty.  I'm

17   happy to take your plea, but before I do that, I need to ask

18   you a series of questions, and basically I'm trying to

19   determine generally whether you understand what is going on

20   here today and the consequences of pleading guilty, and I'm

21   also trying to determine whether you are in fact guilty of the

22   crime to which you wish to plead guilty.  And as I ask you

23   these questions, it's vitally important that you be absolutely

24   truthful and so I'm going to have you placed under oath, okay?

25             THE DEFENDANT:  Yes.

I8f1deap

1          (Defendant sworn)

2          THE COURT:  Sir, you may be seated, and you can remain

3     seated throughout this proceeding.

4          Now you are now under oath, and do you understand that

5     if you answer any of my questions falsely, your answers could

6     be used against you in a prosecution for perjury or for making

7     false statements?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  As I've indicated, I'm going to ask you a

10    series of questions.  If I ask you a question and you don't

11    understand, just let me know and I'll rephrase it.  Or if I ask

12    you a question and you want to discuss it with your attorney

13    before answering, just let me know that and I'll accommodate

14    you, okay?

15         THE DEFENDANT:  Yes.

16         THE COURT:  So we're going to start with some

17    background questions.  So please tell me, what is your full

18    name?

19         THE DEFENDANT:  Paul Christian Dean.

20         THE COURT:  And how old are you, sir?

21         THE DEFENDANT:  Forty-five.

22         THE COURT:  How far did you get in school?

23         THE DEFENDANT:  I have a bachelor's degree.

24         THE COURT:  Are you able to read and write in English?

25         THE DEFENDANT:  Yes.

I8f1deap

1        THE COURT:  Are you now or have you recently been

2   under the care of a doctor or psychiatrist?

3        THE DEFENDANT:  No.

4        THE COURT:  Have you ever been treated or hospitalized

5   for any mental illness or any type of addiction, including drug

6   or alcohol addiction?

7        THE DEFENDANT:  No.

8        THE COURT:  In the past 24 hours have you taken any

9   drugs, medicine, or pills, or have you consumed any alcohol?

10        THE DEFENDANT:  No.

11        THE COURT:  Is your mind clear today?

12        THE DEFENDANT:  Yes.

13        THE COURT:  And, sir, are you feeling well enough to

14   proceed and to understand what is going on here today?

15        THE DEFENDANT:  Yes.

16        THE COURT:  Now Mr. George has informed me that you

17   wish to enter a plea of guilty.  Is that correct?

18        THE DEFENDANT:  Yes.

19        THE COURT:  And Mr. Dean, have you had a full

20   opportunity to discuss your case with your attorney, including

21   any possible defenses that you might have?

22        THE DEFENDANT:  Yes.

23        THE COURT:  And, sir, have you had a full opportunity

24   to discuss with Mr. George the consequences of entering a plea

25   of guilty?

I8f1deap

1          THE DEFENDANT:  Yes.

2          THE COURT:  Are you satisfied with Mr. George and his

3    representation of you?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Does either counsel have any doubt as to

6    Mr. Dean's competence to enter a guilty plea at this time?

7          MS. RAVENER:  No, your Honor.

8          MR. GEORGE:  No, your Honor.

9          THE COURT:  Very well.  On the basis of Mr. Dean's

10   responses to my questions and my observations of his demeanor,

11   I find that he is fully competent to enter an informed guilty

12   plea at this time.

13          Now the next series of questions that we need to go

14   over involve the rights that you'll be giving up if you plead

15   guilty, so again, please listen very carefully.

16          First, you have the right to be represented by an

17   attorney at trial and at every other stage of the proceedings.

18   If you could not afford an attorney, an attorney would be

19   appointed to represent you without cost to you.  Do you

20   understand?

21          THE DEFENDANT:  Yes.

22          THE COURT:  You have a right to a speedy and public

23   trial by a jury on the charges against you which are contained

24   in the indictment.  Do you understand?

25          THE DEFENDANT:  Yes.

I8f1deap

1          THE COURT:  At trial, you would be presumed innocent,

2     and the government would be required to prove you guilty by

3     competent evidence beyond a reasonable doubt before you could

4     be found guilty.  You would not have to prove that you were

5     innocent at trial.  Do you understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If there were a jury trial, the jury would

8     be composed of 12 people selected from this district, and all

9     12 would have to agree unanimously that you were guilty before

10    you could be found guilty.  Do you understand?

11         THE DEFENDANT:  Yes.

12         THE COURT:  At trial, you would have a right to see

13    and hear all of the witnesses against you, and your attorney

14    could cross-examine them.  Your attorney could object to the

15    government's evidence and offer evidence on your behalf.  You

16    would also have the right to have subpoenas issued to compel

17    witnesses to come to court to testify in your defense.  Do you

18    understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  At trial, you would have the right to

21    testify if you wanted to, but no one could force you to

22    testify, and if you chose not to testify, I would instruct the

23    jury that it could not hold that against you.  Do you

24    understand?

25         THE DEFENDANT:  Yes.

I8f1deap

1          THE COURT:  If you were convicted at trial, you would

2     have the right to appeal that verdict.  Do you understand?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And, sir, do you understand that by

5     entering a plea of guilty here today, you are giving up all of

6     the rights that I have just described, except for your right to

7     counsel, and you will be found guilty based solely on your plea

8     of guilty?

9          THE DEFENDANT:  Yes.

10          THE COURT:  And Mr. Dean, do you understand that you

11     can change your mind right now for any reason and decide that

12     you did not want to plead guilty?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Okay.  Now the next series of questions

15     involve the actual charge against you.

16          And so Mr. Dean, have you received a copy of the

17     indictment?

18          THE DEFENDANT:  Yes, I have.

19          THE COURT:  Have you read the indictment?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Have you discussed the indictment with

22     Mr. George?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And do you understand that you are charged

25     in Count Two of that indictment with conspiring to pay bribes

I8f1deap

1   and gratuities, in violation of Title 18 of the United States

2   Code Section 371?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  And Ms. Ravener, could you please indicate

5   what the elements of that offense are.

6                    MS. RAVENER:  Yes, your Honor.

7                    At trial, the government would have to prove beyond a

8   reasonable doubt the following elements in support of Count

9   Two:

10                   First, that two or more persons entered into the

11  unlawful agreement charged in the indictment;

12                   Second, that the defendant knowingly and wilfully

13  became a member of that conspiracy; and

14                   Third, that a member of the conspiracy knowingly

15  committed an overt act in furtherance of the conspiracy --

16  here, a conspiracy to bribe members of the New York City Police

17  Department's gun licensing division.

18                   THE COURT:  Thank you.

19                   Mr. Dean, did you hear what the prosecutor said?

20                   THE DEFENDANT:  Yes.

21                   THE COURT:  And, sir, do you understand that if you

22  did not plead guilty to the charge in Count Two of the

23  indictment, the government would have to prove each and every

24  one of those elements beyond a reasonable doubt at trial?

25                   THE DEFENDANT:  Yes.

I8f1deap

1          THE COURT:  And, sir, have you spoken with Mr. George

2     about the possible punishment that you face by pleading guilty

3     to this charge?

4          THE DEFENDANT:  Yes.

5          THE COURT:  So do you understand that this charge

6     carries a maximum term of imprisonment of five years?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And there's also a maximum term of

9     supervised release of three years?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And in addition, there are financial

12     penalties, including a $100 special assessment that I must

13     impose and a fine that I could impose that could be as high as

14     either $250,000 or twice the gross gain of the offense or twice

15     the gross loss to victims of the offense.  Do you understand?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Now I mentioned the term "supervised

18     release."  Do you understand that supervised release means that

19     you will be subject to monitoring and supervision, if I

20     sentence you to prison, when you are released from prison?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And there are terms and conditions of

23     supervised release with which you must comply, and if you do

24     not comply with them, you could be returned to prison without a

25     jury trial.  Do you understand?

I8f1deap

1          THE DEFENDANT:  Yes.

2          THE COURT:  And do you understand that if you violate

3   the terms or conditions of supervised release and are returned

4   to prison, that new term could be for part or all of the term

5   of supervised release and you will not receive credit for time

6   previously served in prison?  Do you understand?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And, sir, do you understand that apart

9   from your sentence, I can also order restitution to any person

10   injured as a result of your conduct?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And Mr. Dean, do you understand that if I

13   accept your guilty plea and find you guilty, that determination

14   may deprive you of certain valuable civil rights, such as the

15   right to vote, the right to hold public office, the right to

16   serve on a jury, the right to possess any kind of firearm, and

17   the right to hold certain professional licenses?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And Mr. Dean, are you a United States

20   citizen?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Now the next series of questions we need

23   to discuss involve the Sentencing Guidelines.  So let me ask

24   you, do you understand that there are Sentencing Guidelines

25   that I must consider in determining the appropriate sentence in

I8f1deap

1    your case?

2              THE DEFENDANT:  Yes.

3              THE COURT:  And have you spoken with Mr. George about

4    how the guidelines apply to your case?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And sir, do you understand that I have to

7    calculate a guideline range and then consider that range in

8    determining what your sentence will be?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you also understand that I will not be

11   able to determine what your guideline range will be until after

12   a presentence report has been completed by the U.S. Probation

13   Office, or a draft of that report, and both you and the

14   government have had a chance to review and challenge any aspect

15   of that report?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you further understand that even after

18   I calculate the guideline range, I have the ability to impose a

19   sentence that can be higher or lower than what the guidelines

20   recommend?  Do you understand?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And do you further understand that in

23   addition to the guidelines range, I also have to consider a

24   number of other factors that are set forth in a law known as

25   Title 18 of the United States Code Section 3553(a), which

I8f1deap

1    requires me to consider, among other things, your personal

2    history and characteristics and the particular offense that you

3    are charged with committing, and determining the appropriate

4    sentence in your case?  Do you understand?

5            THE DEFENDANT:  Yes.

6            THE COURT:  So even after I've calculated the

7    guideline range, I have to consider these other factors and,

8    again, might settle on a sentence that is either higher or

9    lower than what the guidelines recommend.  Do you understand?

10           THE DEFENDANT:  Yes.

11           THE COURT:  And Mr. Dean, do you understand that if

12   your attorney or anyone else has attempted to estimate or

13   predict what your sentence will be, their estimate or

14   prediction could be wrong?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And, sir, while it is perfectly

17   appropriate for you and Mr. George to have discussed how your

18   sentence will be calculated, no one can give you any assurance

19   what your sentence will be as you sit here today.  Do you

20   understand that?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And I say all this to you, Mr. Dean,

23   because you need to understand today that if your sentence is

24   different from what your attorney or anyone else told you it

25   might be, or if it is different from what you expect, or even

I8f1deap

1    if it is different from what is contained in your agreement

2    with the government, you will still be bound by your guilty

3    plea and you will not be allowed to withdraw your guilty plea.

4    Do you understand?

5             THE DEFENDANT:  Yes.

6             THE COURT:  And, sir, do you understand that if you

7    are sentenced to prison, there is no parole in the federal

8    system and you will not be released early on parole?

9             THE DEFENDANT:  Yes.

10            THE COURT:  Now the next series of questions involve

11   the plea agreement with the government.

12            I have a letter which is dated May 15, 2018.  It's a

13   six-page letter, and there are a series of signatures on

14   page 6, one of which purports to be yours, with today's date.

15   Can you see that from where you are seated?

16            THE DEFENDANT:  Yes, I can.

17            THE COURT:  And is that your signature on this page?

18            THE DEFENDANT:  Yes, your Honor.

19            THE COURT:  This document will be marked Court

20   Exhibit No. 1.

21            Now, Mr. Dean, did you read this agreement before you

22   signed it?

23            THE DEFENDANT:  Yes, I did.

24            THE COURT:  Did you discuss it with Mr. George before

25   you signed it?

I8f1deap

1            THE DEFENDANT:  Yes.

2            THE COURT:  Did you fully understand the agreement

3    when you signed it?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Does this agreement include your

6    understanding of the entire agreement between you and the

7    government?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Mr. Dean, is there any other agreement or

10   any other promise about your plea or your sentence that is not

11   contained in this agreement?

12           THE DEFENDANT:  No.

13           THE COURT:  Has anyone threatened you or forced you to

14   enter into the agreement?

15           THE DEFENDANT:  No.

16           THE COURT:  Mr. Dean, other than what is in the

17   agreement, has anyone promised you anything or offered you

18   anything in order to plead guilty?

19           THE DEFENDANT:  No.

20           THE COURT:  Has anyone made a promise to you as to

21   what your sentence will be?

22           THE DEFENDANT:  No.

23           THE COURT:  Now, sir, do you understand that there is

24   a stipulation in the agreement concerning the Sentencing

25   Guidelines?  That stipulation binds you and it binds the

I8f1deap

1   government, but it does not bind me, and I'm still going to

2   make my own determination about what the guidelines range is.

3   Do you understand that?

4                THE DEFENDANT:  Yes.

5                THE COURT:  And do you understand that under certain

6   circumstances both you and the government have a right to

7   appeal any sentence that I might impose?  Do you understand?

8                THE DEFENDANT:  Yes.

9                THE COURT:  However, pursuant to the terms of the plea

10  agreement, if I sentence you within or below the stipulated

11  guidelines range, you're essentially giving up your right to

12  appeal any sentence that I might impose, as long as it's within

13  or below that stipulated range.

14               THE DEFENDANT:  I understand.

15               THE COURT:  Ms. Ravener, would you please indicate

16  what the government would expect to present if this case were

17  to go to trial.

18               MS. RAVENER:  Yes, your Honor.

19               At trial, the government would present testimony from

20  multiple cooperating witnesses, witnesses including other

21  officers of the New York City Police Department licensing

22  division, where Mr. Dean worked as a supplies officer,

23  telephone evidence including text messages, business records

24  pertaining to a gun shop that was involved in the conspiracy,

25  and other proof.

I8f1deap

1          THE COURT:  Thank you.

2          Mr. Dean, did you hear what the prosecutor said?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And, sir, have you clearly understood

5   everything that has happened here today so far?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Dean, would you please now tell me in

8   your own words what it was that you did that makes you guilty

9   of the crime charged in Count Two of the indictment.

10          THE DEFENDANT:  If I can read from a statement that I

11  prepared.

12          THE COURT:  You're absolutely free to read from the

13  statement, but I would ask that you read slowly and clearly.

14          THE DEFENDANT:  Yes, your Honor.

15          From in or about November 2015 through in or about

16  January of 2016, I planned to retire from the New York City

17  Police Department licensing division --

18          THE COURT:  Okay.  Now you're going really fast.

19          THE DEFENDANT:  I'm sorry.

20          THE COURT:  Slow down.

21          THE DEFENDANT:  I planned to retire from the NYPD

22  licensing division to go into a gun license expediting

23  business.

24          I, along with another, agreed to pay cash bribes to

25  Richard Ochetel and David Villanueva of the NYPD licensing

I8f1deap

1    division, whom I believed were being bribed already, to secure

2    those officers' help in approving and expediting gun license

3    applications.

4            In furtherance of the conspiracy, I, along with

5    another person, met with Richard Ochetel and David Villanueva

6    at a diner in Manhattan in December of 2015 to discuss paying

7    them future bribes to help us expedite gun licenses for our

8    customers.

9            THE COURT:  And, sir, when you did that, did you know

10   that what you were doing was wrong and against the law?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Did anyone threaten or coerce you to do

13   those things?

14           THE DEFENDANT:  No.

15           THE COURT:  Does either counsel wish me to make any

16   further inquiry?  Ms. Ravener?

17           MS. RAVENER:  No, your Honor.  The government would

18   just further proffer that the New York City Police Department

19   receives more than $10,000 per year of federal funding and did

20   receive such funding in the year of this charged conduct and

21   that the value of the transactions contemplated by the bribery

22   scheme was in excess of $5,000, based on the expected value of

23   the bribes to be paid.

24           THE COURT:  Very well.

25           Mr. George, did you wish me to make any further

I8f1deap

1    inquiry?

2              MR. GEORGE:  Nothing further, your Honor.

3              THE COURT:  Mr. George, do you know of any valid

4    defense that would prevail at trial or any reason why your

5    client should not be permitted to plead guilty?

6              MR. GEORGE:  No, your Honor.

7              THE COURT:  And Mr. George, do you believe that

8    there's an adequate factual basis for the plea of guilty?

9              MR. GEORGE:  Yes, your Honor.

10             THE COURT:  Ms. Ravener, do you believe that there's

11   an adequate factual basis for the plea of guilty?

12             MS. RAVENER:  Yes, your Honor.

13             THE COURT:  Very well.

14             Mr. Dean, how do you now plead to the charge in Count

15   Two of the indictment, guilty or not guilty?

16             THE DEFENDANT:  Guilty.

17             THE COURT:  And sir, are you in fact guilty of that

18   charge?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Are you pleading guilty voluntarily and of

21   your own free will?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Is the government seeking forfeiture?

24             MS. RAVENER:  I don't believe so, your Honor.

25             THE COURT:  Okay.  Very well.

I8f1deap

1          Because Mr. Dean acknowledges that he is in fact

2     guilty as charged in Count Two of the indictment, because I

3     find that he knows his rights and is waiving them knowingly and

4     voluntarily, with an understanding of the consequences of the

5     plea, including the potential sentence that may be imposed, I

6     accept his guilty plea and find him guilty of Count Two of the

7     indictment.

8          I will now direct that a presentence investigation be

9     conducted by the probation office and that a presentence report

10    be prepared.

11         Mr. Dean, you will be interviewed as part of that

12    process, and you can and should have your lawyer with you

13    during that interview.  The presentence report will be a very

14    important part in connection with my decision as to what the

15    appropriate sentence will be, so you should, when you see the

16    draft of that report, read it very carefully, go over it with

17    Mr. George very carefully, and bring any mistakes or

18    inaccuracies that you may find therein to my attention.  You

19    will also have the right, as will Mr. George, to speak on your

20    behalf before I impose sentence.

21         Do we have a sentencing date?

22         THE DEPUTY CLERK:  Yes.  November 15, at 3:30 p.m.

23         THE COURT:  Okay.

24         MR. GEORGE:  That's fine.

25         THE COURT:  And I take it there's no objection to

I8f1deap

1   Mr. Dean continuing on whatever pretrial bail conditions

2   currently exist?

3           MS. RAVENER:  No objection.

4           THE COURT:  Very well.

5           Ms. Ravener, is there anything else we need to do

6   today?

7           MS. RAVENER:  No, your Honor.  Thank you.

8           THE COURT:  Mr. George, is there anything else that we

9   need to do today?

10          MR. GEORGE:  No, your Honor.  Thank you.

11          THE COURT:  In that event, we are adjourned.  I will

12  see you in November.  And here is the original document.

13                          o0o

14

15

16

17

18

19

20

21

22

23

24

25