# LAW OFFICES OF ABE GEORGE, P.C.

40 Wall Street, 60th Floor
New York, NY 10005
(P) 212-498-9803 (F) 646-558-7533
Email: abe@abegeorge.lawyer

---

April 7, 2020

**Via ECF**
The Honorable Edgardo Ramos
United States District Judge, S.D.N.Y.
40 Foley Square
New York, New York 10007

   Re: *U.S. v. Paul Dean, et. al.,* 1:17-cr-00398-ER
     Emergency Application for Sentence Modification

Dear Judge Ramos:

  I write on behalf of my client, Paul Dean, to respectfully request that his sentence be modified pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. Mr. Dean is presently incarcerated at USP Canaan ("Canaan") located in Northern Pennsylvania. As of April 6, 2020, one inmate and one staff member of Canaan has tested positive for COVID-19[1] and the State of Pennsylvania from where most of the staff of Canaan originates has close to 13,000 positive cases,[2] and from all data available has not yet hit the apex of the COVID-19 curve. Although Paul is in relatively good health, he lives in daily fear of contracting the virus and not being able to return home to his three children, one of whom is only six years old. Paul, a former 20-year veteran of the NYPD and 9/11 first responder, is merely a month away from his home confinement date and begs the Court to allow him to finish his sentence at home. The Assistant United States Attorney in this matter opposes Paul's request on the grounds that he has not exhausted all his administrative remedies with Bureau of Prisons ("BOP"), a point which will be discussed infra.

  On or about January 31, 2019, after Paul pleaded guilty to conspiring to pay bribes and gratuities, in violation of Title 18, United States Code, Section 371, this Court sentenced Mr. Dean to 18 months incarceration followed by 2 years of supervised release (ECF Docket Entry: March 5, 2019.) A fine of $7500 was also imposed which was paid by Paul. (ECF Docket No. 80) According to paperwork provided to Paul by his counselor he surrendered himself on March 27, 2019, and is eligible for home release on May 13, 2020. See **Exhibit A**: Sentencing Calculations. While in prison Paul has maintained an unblemished disciplinary record and has obtained various certificates for programs completed which are annexed hereto. See **Exhibit B**: Certificates.

---

[1] The Bureau of Prisons' website tracking COVID-19 can be found at https://www.bop.gov/coronavirus/

[2] https://www.health.pa.gov/topics/disease/coronavirus/Pages/Cases.aspx

As the Court is aware, COVID-19 is a Worldwide pandemic, it is highly contagious and is spreading at a rapid rate. Federal facilities such as Canaan are not immune as confirmed by the two positive cases by the BOP [3] itself but the numbers are likely higher, as testing is limited in prisons. *See, e.g.*, *In the Matter of the Extradition of Manrique*, 2020 WL 1307109, at *1 (N.D. Cal. Mar. 19, 2020) (expressing concern about the infection rate within BOP facilities given that "people are not being tested"). Conditions of confinement create an ideal environment for the transmission of highly contagious diseases like COVID-19. *See* **Exhibit C**: Affidavit of Dr. Brie Williams ("Williams Aff"), at Aff. ¶ 14 ("Because inmates live in close quarters, there is an extraordinarily high risk of accelerated transmission of COVID-19 within jails and prisons. Inmates share small cells, eat together and use the same bathrooms and sinks. . . . . They are not given tissues or sufficient hygiene supplies"); Joseph A. Bick (2007). *Infection Control in Jails and Prisons. Clinical Infectious Diseases* 45(8):1047-1055, at https://academic.oup.com/cid/article/45/8/1047/344842 (noting that in jails "[t]he probability of transmission of potentially pathogenic organisms is increased by crowding, delays in medical evaluation and treatment, rationed access to soap, water, and clean laundry, [and] insufficient infection-control expertise"). BOP employees are complaining that they lack masks and gloves, hand sanitizer, and even soap.[4]

On or about March 31, 2020, based upon Paul's COVID-19 concerns I made an application for compassionate release to the Warden of Canaan and on April 6, 2020, I was sent an ambiguous letter dated April 2, 2020 from Warden Bradley which did not grant Paul's application. **See Exhibit D**: Initial March 31st Request and April 2nd Denial of Request. On April 6, 2020, I requested an appeal of what I categorized as Warden Bradley's denial. See **Exhibit E:** April 6, 2020 request.

Although an appeal of Warden Bradley's decision has not been fully decided, the requirement of completing the administrative process may be waived "if one of the recognized exceptions to exhaustion applies." *United States v. Perez*, No. 17 Cr. 513-3, 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020); *see United States v. Colvin*, No. 19 Cr. 179, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of [d]efendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A)."); *United States v. Powell*, 94 Cr. 316, ECF No. 98 (D.D.C. Mar. 28, 2020) (waiving exhaustion under § 3582(c)(1)(A) where the [c]ourt found that "requiring defendant to first seek relief through the [BOP] administrative process would be futile"). See *United States v Zukerman*, 2020 US Dist LEXIS 59588, at *6 (SDNY Apr. 3, 2020). Even where exhaustion

---

[3] The Bureau of Prisons' website tracking COVID-19 can be found at https://www.bop.gov/coronavirus/

[4] *Federal Prison Workers Say Conflicting Orders on Coronavirus Response is Putting Lives at Risk*, *CBS News* (March 19, 2020), *available at* https://www.cbsnews.com/news/coronavirus-prison-federal-employees-say-conflicting-orders-putting-lives-at-risk-2020-03-19/; Danielle Ivory, *'We Are Not a Hospital': A Prison Braces for the Coronavirus*, N.Y. Times (Mar. 17, 2020), *available at* https://www.nytimes.com/2020/03/17/us/coronavirusprisons-jails.html; Martin Kaste, *Prisons and Jails Worry About Becoming Coronavirus 'Incubators.'"* NPR (March 13, 2020), https://www.npr.org/2020/03/13/815002735/prisons-and-jails-worry-about-becoming-coronavirus-incubators.

is seemingly mandated by statute . . . , the requirement is not absolute." *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992)). There are three circumstances where failure to exhaust may be excused. "First, exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." *Id.* Second, " exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." *Id.* at 119. Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." *Id.*  It is my belief that Warden Bradley's response was intentionally written to be ambiguous to make defendant's attempt to seek judicial review of his decision difficult and any further delay would make defendant's request futile.

Although Mr. Dean does not have any comorbidities to the virus, leaving Paul in jail to worry about whether or not he will survive a virus and see his three children is tantamount to cruel and unusual punishment, when the defendant is so close to his home confinement date.  In fact, Paul was eligible for release to a halfway house in early March 2020 but due to the recent closure of a halfway house in New York City and Paul's status as a former police officer, he was not released to the program.

The extenuating circumstances of the coronavirus has given rise to similar applications by other inmates that have resulted in their release, even in quite serious cases, based largely upon the risk posed by detention at MDC.  See, e.g., United States v. Eli, 20 Cr. 50 (RJD) (RER) (releasing, over government's objection, defendant charged with multiple robberies involving guns and drugs, because of coronavirus) (March 24, 2020). On March 19, 2020, this Court released a formerly detained individual on bail. See United States v. Santiago Ramos, 20 Cr. 04 (ER) (denying government's request for revocation and detention of defendant charged with wire fraud, despite government's allegations defendant had continued to commit felonious conduct and had violated his initial conditions of pre-trial release by seeking to defraud additional investors and communicating with witnesses and victims without counsel, due to the risk of the COVID virus).

Defendant Paul Dean is not a danger to the safety of any other person or to the community, and the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of his release. In light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks in Pennsylvania , defendant prays that the Court release Paul Dean to home confinement where he will quarantine himself and avoid the unnecessary health risks associated with the virus.

        Respectfully Submitted,

        Law Offices of Abe George, P.C.
         /s/ Abe George_____
        By: Abe George

cc: All Parties by ECF